UNITED STATES of America, Plaintiff,

v.

Willie Floyd MAYS, Defendant.

CR. No. 96–01064 ACK.

United States District Court,
D Hawai'i.

Feb. 26, 1997.

Peter Wolff (FPD), Office of the Federal Public Defender, Honolulu, for Defendant.

Robert J. Crow, United States Attorneys Office, Honolulu, for Plaintiff.

*ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS 1 AND 2 OF THE INDICTMENT FOR VIOLATION OF THE SPEEDY TRIAL ACT*

KAY, Chief Judge.

## BACKGROUND

On November 4, 1996, Willie Floyd Mays ("Defendant") was arraigned before Magistrate Kurren. On that same day, the government filed a motion to detain Defendant without bail that was set for a hearing on November 7, 1996. On November 7, 1996, Defendant (through his counsel) agreed to the detention. On December 23, 1996, a pretrial conference was held wherein the government informed the Defendant that they would seek a superseding indictment and asked whether the Defendant would agree to a continuance. The Defendant ultimately agreed to a continuance excluding the period from January 7 to February 4, 1997 from the Speedy Trial Act.

On January 27, 1997, the Defendant filed an *in limine* motion to exclude certain evidence. No court has yet to address that motion.

The trial did not proceed as scheduled on February 4, 1997. Instead, the trial is scheduled to begin on February 24, 1997.

On February 18, 1997, the Defendant filed a motion to dismiss the indictment because of a violation of the Speedy Trial Act. On February 21, 1997, the government filed its opposition.

## DISCUSSION

The Speedy Trial Act ("STA") mandates that a defendant be tried within seventy days from arraignment. 18 U.S.C. § 3161(c)(1). Excluding the continuance from January 7—February 4, 1997, eighty two days have passed since Defendant's arraignment.[1] The STA, however, contains certain exemptions which are not to be counted in "computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h). The issue, therefore, is whether

---

1. The Court computed its eighty two day total as follows:

| | | |
|---|---|---|
| November 4–30 | = | 26 days |
| December 1–31 | = | 31 days |
| January 1–6 | = | 6 days |
| February 5–25 | = | 19 days |
| Total: | | 82 days. |

at least 12 days can be excluded under the STA exemptions.

The STA exempts any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" from its seventy day calculation. See 18 *U.S.C.* § 3161(h)(1)(F). The Defendant concedes that this provision applies to his STA motion filed on February 18, 1997. *See* Defendant's Motion to Dismiss, pg. 5. Thus, the time from February 18 to February 25, 1997 can be excluded, leaving only five days that the government needs to exclude.

The only other possible exclusions are those stemming from the government's motion to detain and the Defendant's motion *in limine.* Because the government's motion to detain only took three days to decide (and thus would not cure the alleged STA violation), the Court will focus on whether the Defendant's motion *in limine* can be excluded.

Defendant argues that the "defendant's motion *in limine* did not stop the speedy trial clock ... [because it] did not delay the start of the trial." *See* Defendant's Motion to Dismiss, pg. 8. In other words, Defendant argues that pretrial motions can only be excluded when they are the cause of the delay.

This reasoning has been soundly rejected by the Ninth Circuit. Rather, the Ninth Circuit excludes all time between the filing of an *in limine* motion and its disposition so long as the motion is decided before trial.[2] *See e.g. United States v. George,* 85 F.3d 1433, 1436 (9th Cir.1996) (excluding over five months from the STA clock because of three *in limine* motions filed by the government); *United States v. Springer,* 51 F.3d 861, 865 (9th Cir.1995) (excluding forty three days because of government's motion *in limine* ). Moreover, the Supreme Court has held that a delay resulting from the court's disposition of the motion need not be reasonable to be excludable. *See Henderson v. United States,* 476 U.S. 321, 330, 106 S.Ct. 1871, 1876–77, 90 L.Ed.2d 299 (1986). Under this clear precedent, the Court finds that Defendant's *in limine* motion filed January 27, 1997 tolled the STA clock from February 5–17, 1997, a total of twelve days.[3] After these twelve days are excluded, the Court finds that only sixty three days have elapsed from the arraignment. Accordingly, there has been no STA violation and the Court DENIES Defendant's motion to dismiss the indictment.

### CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motions to Dismiss the indictment.

IT IS SO ORDERED.

---

**2.** Oddly, the Ninth Circuit has a different rule if the *in limine* motion is decided after trial. *See United States v. Clymer,* 25 F.3d 824, 830 (9th Cir.1994). Defendant's reliance on this case, therefore, is misplaced because the Court will decide the *in limine* motion before trial.

**3.** The STA was already tolled until February 4, 1997 via a stipulation and from February 18, 1997 to the present because of Defendant's STA motion.